IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CUSTOMS & CLASSICS, et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>BONNEVILLE STREET RODS, LLC., et al.,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING PREEMPTED CLAIMS, GRANTING PLAINTIFFS' MOTION TO REMAND AND REMANDING CASE<br><br><br><br>Case No. 2:06-CV-828 TS |

Defendants removed this case from state court on the ground that Plaintiffs' state court claims are preempted by federal copyright law. Plaintiffs seek remand on the ground that their claims are not preempted and seek costs and fees incurred to obtain remand. The Court finds that while some claims are preempted by the federal Copyright Act, those claims must also be dismissed because Plaintiffs do not have a registered copyright and, therefore, cannot maintain a copyright action. The Court exercises its discretion to remand the remainder of the otherwise non-removable state law claims.

1

The Complaint alleges as follows: Defendant James F. Allred hired Plaintiffs to design, rebuild, and remodel an antique vehicle (the Street Rod), pursuant to one or more written agreements.[1] One of the written agreements provides that Plaintiffs retain the copyright for their photographs of the Street Rod and the right to use and publish those photographs "for the purpose of advertising its quality, workmanship, reputation, and its general business."[2] Defendants subsequently set up, manage, or are involved with a competing business—Defendant Bonneville Street Rods. In violation of the written agreement, Defendants are attempting to have Bonneville take credit for Plaintiffs' modification, engineering, design, and rebuild work[3] on the Street Rod—work that Plaintiffs characterize as their "work" or "intellectual property."[4] The Complaint further alleges that among the ways in which Bonneville is alleged to be taking credit for Plaintiffs' work on the Street Rod is by using Plaintiffs' photographs of the Street Rod on Bonneville's website.

The Complaint alleges twenty-one causes of action: breach of contract; injunctive relief; violation of the Utah Truth in Advertising Act; dishonest and deceptive trade practices; violation of the Utah Unfair Competition Act; common law unfair competition; misappropriation and theft of intellectual property; conversion; infringement of common law copyright; interference with prospective business advantage or economic relations;

---

[1] Defendants generally deny that Plaintiffs completed the restoration of the Street Rod and that they have acted wrongfully.

[2] Docket No. 1, Ex. 2, State Court Complaint at ¶ 16.

[3] *Id*. at ¶¶ 24, 34-35.

[4] *Id*. at ¶ 2, 69.

damage to reputation; common law fraud and deceit; concealment; nondisclosure; negligent misrepresentation; fraudulent misrepresentation; breach of implied covenant of good faith and fair dealing; unjust enrichment; accounting; civil conspiracy; and civil aiding and abetting. The Complaint acknowledges that Plaintiffs do not have a federally registered copyright and alleges that their "intellectual property" is not within the subject matter of copyright under the federal copyright law.[5]

Defendants removed the action to this federal court. Defendants contend that copyright is an area of complete preemption under federal law and, therefore, that preemption forms the basis of federal question jurisdiction. Defendants argue that due to complete preemption, this entire action must remain in federal court.

The Copyright Act of 1978 replaced common law copyright protection with a single unified federal system,[6] thus establishing federal preemption. However, federal copyright law does not eliminate all state law actions:

> Although the Act preempts state copyright law, it does not eliminate all state law actions. For example, conduct that may give rise to a federal suit for copyright infringement may also give rise to a state law claim in tort for unfair competition, tortious interference, or breach of contract. However, 17 U.S.C. § 301(a) preempts such claims if "(1) the work is within the scope of the 'subject matter of copyright' as specified in 17 U.S.C. §§102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." On the other hand, if "a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or

---

[5] *Id.* at ¶ 72.

[6] *Ehat v. Tanner*, 780 F.2d 876, 879 and n.4 (10th Cir. 1985); *Roth v. Pritikin*, 710 F.2d 934, 938 (2nd Cir. 1983).

display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim."[7]

"To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original."[8]

Reading the Complaint as a whole, the Court finds that the claim for common law unfair competition[9] is preempted by the Copyright Act. Tacitly acknowledging that it is preempted, Plaintiffs represent that they dismiss their claim for common law copyright.[10] The Court further finds that Plaintiffs' claims for misappropriation and theft of intellectual property,[11] for conversion,[12] and for unjust enrichment[13] are, as pleaded, equivalent to those exclusive rights within the scope of federal copyright law. Plaintiffs' misappropriation claim is similar to the one found to be preempted by copyright law under *Ehat v Tanner*.[14] Because it does not involve an allegation of misappropriation of a trade secret, a claim that

---

[7]*La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1199 (10th Cir. 2005) (quoting *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 847 (10th Cir. 1993)).

[8]*Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005).

[9]Pl.s' sixth claim for relief.

[10]Docket No. 13, at 7 n.2; Docket No. 18, at 2.

[11]Pl.s' seventh claim for relief.

[12]Pl.s' eighth claim for relief.

[13]Pl.s' eighteenth claim for relief.

[14]780 F.2d at 878.

would involve an extra element under state law, the misappropriation claim in this case is distinguishable from the one found to be not preempted in *Gates Rubber Co v. Bando Chemical*.[15]

As to the claim for violation of the Utah Unfair Competition Act,[16] Plaintiffs expressly disclaim any claim of a patent, a disclaimer supported by the Complaint which does not appear to claim any patent rights.  Therefore, Defendants have not shown grounds for federal preemption of the Utah Unfair Competition Act claim.

The Court finds that Plaintiffs' other state law causes of action require at least one "extra element" that would not be included to show copyright violation.  Some claims, such as the breach of contract and injunction, are based on alleged violations of the written agreement under which Plaintiffs allege that they retained certain rights to the photographs and rights to advertise based upon the work they had performed.   Examples of Plaintiffs' claims that include an extra element not included in a copyright claim are as follows:  the breach of contract claim requires proof of a contract;[17] the fraud-based claims require proof of a misrepresentation[18] and the Truth in Advertising Act claim requires a "likelihood of

---

[15]9 F.3d at 847-48 (distinguishing *Ehat* because misappropriation of a trade secret under Colorado law requires an extra element of proof of breach of trust or confidence).

[16]Pl.s' fifth cause of action.

[17]*Bair v. Axiom Design, L.L.C.,* 20 P.3d 388, 392 (Utah 2001) ("The elements of a prima facie case for breach of contract claim are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.").

[18]*DeBry v. Noble*, 889 P.2d 428, 443 (Utah 1995) (listing elements of fraud).

confusion or of misunderstanding" or a deceptive representation or designation.[19]  As these claims "depend[ ] on more than the mere act of copying or distribution regulated by the federal Copyright Act,"[20] they are "qualitatively different from, and not subsumed within, a copyright infringement claim."[21]

As noted above, Plaintiffs have dismissed their state common law copyright claim and expressly state that they do not seek any relief based on any patent.  Plaintiffs also rely on *La Resolana* for their concession that they cannot maintain any claim under the federal copyright law because they have not registered their copyright.[22]

The Court finds that the parties have fully briefed the issue of whether the claims are preempted by the Copyright Act and, in view of Plaintiffs' express concession that they cannot maintain any action for copyright violation, those preempted claims will be dismissed pursuant to *La Resolana*.[23]  Because there can be no valid copyright claim in this case, there is no reason for this Court to retain jurisdiction over Plaintiffs' related, but otherwise non-removable, claims. Accordingly, the Court exercises its discretion to remand

---

[19] *E.g. Robert J. DeBry and Ass., P.C. v. Qwest Dex, Inc.*, 144 P.3d 1079 (Utah 2006) (quoting Utah Code Ann. §13-11a-3(1)(t)).

[20] *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1192 (C.D. Cal. 2001); *JZK Inc. v. Weaver*, 2006 WL 2988172, *4 (W.D. Wash. Oct. 17, 2006) (unpublished Order Granting Remand collecting cases holding that claims based on contractual right to property are not subject to copyright preemption).

[21] *La Resolana*, 416 F.3d at 1139.

[22] Docket No. 18, Pl.s' Reply at 2.

[23] *La Resolana*, 416 F.3d at 1207-08 ("[A] suit for copyright infringement cannot be brought unless and until the copyright is registered.").

them under 28 U.S.C. § 1441(c) because state law matters predominate in those claims.

The Court finds that the issue of preemption of claims under copyright law is an area that is very fact-specific to the Complaint at issue. The Court further finds that, as discussed above, several of the claims at issue in this action were preempted by the Copyright Act. Although these claims must now be dismissed because Plaintiffs cannot maintain a valid claim for copyright violation absent their registration of a copyright, it was not inappropriate for Defendants to remove the same to federal court. Therefore, the Court will deny Plaintiffs' request for costs, including actual expenses and attorney fees under 28 U.S.C. § 1447(c).

Because this case will be remanded, the Court will grant Plaintiffs' Motion for an Extension of Time to Respond to the Individual Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and will defer to the state court any decision on the length of time for such extension as well as the merits of the Motion to Dismiss.

Based upon the foregoing, it is therefore

ORDERED that Plaintiffs' request for an award of costs and attorney fees under 28 U.S.C. § 1447(c) is DENIED. It is further

ORDERED that Plaintiffs' request to dismiss its claim for infringement of common law copyright is GRANTED. It is further

ORDERED that the following claims are DISMISSED: Plaintiffs' ninth claim for relief (infringement of common law copyright); Plaintiffs' seventh claim for relief (misappropriation and theft of intellectual property); Plaintiffs' eighth claim for relief (for conversion); and Plaintiffs' eighteenth claim for relief (for unjust enrichment). It is further

ORDERED that Plaintiffs' Motion to Remand (Docket No. 7) is GRANTED and this case shall be remanded.  It is further

ORDERED that Plaintiffs' Motion for Extension of Time to File a Response (Docket No. 15) is GRANTED.

DATED June 4, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge